# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **DEANGELO WHITAKER** | **CIVIL ACTION NO. 23-667-P** |
| **VERSUS** | **JUDGE HICKS** |
| **DR. NELSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff DeAngelo Whitaker ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 18, 2023. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Dr. Nelson and the Caddo Correctional Center Medical Staff as defendants.

Plaintiff claims that on August 6, 2022, he wrote a medical kite requesting that a doctor or x-ray technician inform him about the broken plate in his arm. He claims he knew the plate was broken because he saw his x-rays after they were taken. He admits he was given Ibuprofen for his pain. He claims he could not ask questions when he saw that the plate was broken because a guard was rushing him. Plaintiff also requested to be taken to a doctor appointment if one had been scheduled. He claims he received a response from N. Rodriguez which stated that the doctor checked the x-ray and had no concerns. He

claims it further stated that if he felt he should be re-evaluated, he should file a sick call request.

Plaintiff states that on February 22, 2023, he wrote a medical kite asking about his x-rays. He claims J. Jackson responded that the doctor reviewed his x-rays and gave no new orders. He admits he was given Ibuprofen for pain.

Plaintiff states that on March 5, 2023, he wrote a medical kite and asked if the doctor said anything about his x-rays because the plate in his arm was broken. He claims J. Beatty responded that the doctor viewed the x-ray results, and no new orders were noted. He was advised to submit a sick call to be seen and accessed if he felt that he needed to be re-accessed and treated. He admits he was given Ibuprofen for pain.

Plaintiff claims the break in the plate in his arm worsened and scratched and pinched things inside his arm.

On May 3, 2023, Plaintiff was transported to Ochsner LSU Health Shreveport, and the doctor removed and replaced the plate and screw in his arm and removed a bone from his left leg to place in his arm. He was also given oxycodone. He was hospitalized for four days.

Plaintiff claims the Dr. Nelson should have treated the broken plate in his arm after the first x-rays were taken. He claims he had to fake an injury for them to treat his injury and take him to the hospital.

Accordingly, Plaintiff seeks compensation.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that x-rays were taken of his arm and reviewed by a doctor, and he was given Ibuprofen for pain. Plaintiff also admits that on May 3, 2023, he was transported to Ochsner LSU Health Shreveport for surgery on his arm and the plate and screws were replaced and he was given oxycodone for pain. The court notes that between August 6, 2022 and February 22, 2023, Plaintiff did not seek medical treatment for his arm. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, Plaintiff does not allege how the alleged delay in medical treatment was based on deliberate indifference.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848

F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of October, 2023.

Mark L. Hornsby
U.S. Magistrate Judge